Putnam J.
delivered the opinion’ of the Court. We do not think that the case at bar differs in principle from Faxon v. Hollis, 13 Mass. R. 428. There the plaintiff made his original entries upon a slate, and rubbed them out when they were by him transferred into the book which was offered in evidence and which was kept in a leger form. In the case. *145 at bar there are two plaintiffs, and they testify that the original entries were made upon their cart, in chalk scores, by the one who delivered the meat to their customers, and were transferred to the book by the other on the same day. The‘scores, we presume, were then rubbed off from the cart, and then new scores were made as the meat was delivered from time to time.
The Court well observed; in Prince v. Smith, 4 Mass. R. 457, that, it is essential to this kind of evidence, that the charges appearing in the hand-writing of the party, are in such a state that they may be presumed to have been his daily minutes of his business and transactions, in which regard is had to the degree of the education of the party, the nature of his employment, and to the manner of his charges against other persons.
Now it might not be so convenient for the butcher to make his entry on a slate, as on his cart, at first. If it were honestly made upon the cart, and honestly transferred to the book, it would seem to be as worthy of credit as if it were made originally upon a slate and then transferred to the book. We think, under our usage, that such a book is to be received as competent evidence ; but the credit which should be given to it, after all, is to be determined by the jury. And as both the parties have testified as to the course which they pursued, and the jury have been satisfied with their evidence, we think that their verdict is to be confirmed and that judgment should be given upon it accordingly.[1]

 Ingraham v. Bockius, 9 Serg. & R. 285; Patton v. Ryan, 4 Rawle, 408; Kessler v. M'Conachy, 1 Rawle, 441. But such a book is not admissible, where the entries have not been transferred to it, till after the lapse of several days from the time when they were originally made. Forsythe v. Norcross, 5 Watts, 432.